IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK RAYE OWENS,

        Petitioner,                        No. CIV S-03-1377 GEB DAD P

    vs.

CHERYL K. PLILER, Warden,

        Respondent.                     <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a habeas petition filed on June 27, 2003.  Respondent's motion to dismiss the petition as time-barred was denied on January 22, 2004, and respondent filed an answer on February 23, 2004.  Petitioner filed his traverse on March 26, 2004.  A year and a half later, petitioner moved to hold this action in abeyance pending exhaustion of a claim "not reasonably discoverable during the time the first federal petition was filed." (Pet'r's Mot. filed Oct. 28, 2005, at 1.)  The motion was denied as moot after petitioner moved to file a first amended petition that includes the newly exhausted claim.  Petitioner's motion to amend has been briefed and is before the court.

BACKGROUND

        On March 25, 1998, following a jury trial in San Joaquin County Superior Court, petitioner was found guilty of second degree murder.  On May 1, 1998, petitioner was sentenced

1

to a term of nineteen years to life in state prison.  Petitioner filed a timely notice of appeal.  On March 29, 2000, the California Court of Appeal for the Third Appellate District affirmed the judgment, and the California Supreme Court denied review on June 14, 2000.  Petitioner sought collateral review in a series of state habeas petitions, beginning with a petition filed in the trial court on September 20, 2001.  Petitioner's final state habeas petition was denied by the California Supreme Court on June 11, 2003.  (Pet. at 2-4; Resp't's Mot. to Dismiss at 2-3 and Exs. A through J.)

The federal habeas petition filed June 27, 2003, alleges five grounds for relief:

> Ground one:  In violation of the Fourteenth Amend. trial court abused its discretion when it permitted the jury to visit crime scene.
>
> Ground two:  In violation of the Fourteenth Amendment, the trial court failed to give limiting instruction.
>
> Ground three:  Sixth Amendment violation of ineffective assistance of counsel on limiting instruction(s).
>
> Ground four:  Fourteenth Amendment violation of habeas corpus relief by the California Courts (on IAC).
>
> Ground five:  Sixth Amendment violation of ineffective assistance of trial counsel whom [sic] acted in "conflict of interest" to:  (1) petitioner's actual innocence defense; (2) when trial Counsel refused/failed to present a "voluntary intoxication" defense.

(Pet. at 5-7.)  Pages attached in support of grounds one, two, and three appear to be copies of pages from the petition for review filed on direct appeal.  Pages attached in support of grounds four and five appear to be copies of pages from the habeas petition filed in the California Supreme Court.

THE PARTIES' ARGUMENTS

I.  <u>Petitioner's Motion to File a First Amended Petition</u>

Petitioner asserts that he discovered a meritorious issue after he filed his federal petition, that he moved to stay this action pending exhaustion of the new claim, and that he proceeded to the California Supreme Court to exhaust the claim.  Petitioner requests that

respondent be ordered to answer his newly exhausted claim.  Attached to petitioner's motion is a proposed first amended petition containing a sixth ground for relief:

> Ground six:  The trial courts instruction defining the concept of reasonable doubt violated petitioners federal and state constitutional right to due process of law by reducing the prosecutions required burden of proof.

(Pet'r's Mot. to Amend, Attach. at page numbered "pg 6 cont.")

II.  Respondent's Opposition

Respondent opposes petitioner's motion on the ground that filing the amended petition would be futile because the new claim is time-barred and does not relate back to any of the claims alleged in the original federal habeas petition.

Respondent argues that futility of amendment can, by itself, justify denial of a motion for leave to amend, and amendment is futile if the statute of limitations has run.  Here, respondent reasons, amendment would be futile because the statute of limitations expired in July 2003 and the claim that the trial court improperly instructed the jury on the prosecution's burden of proof is not tied to the original timely federal petition by a common core of operative facts. Citing the decision in <u>Mayle v. Felix</u>, 545 U.S. 644 (2005), respondent states that an amended petition does not relate back when it asserts a new ground for relief supported by facts that differ in time and type from those set forth in the original pleading.  Respondent contends that none of the five claims presented in petitioner's original petition suggest that the trial court committed instructional error in regard to the prosecution's burden of proof by instructing the jury with revised CALJIC No. 2.90, and that this new claim does not derive from the operative facts that supported the five original claims.

III.  Petitioner's Reply

Petitioner states as follows:  his original federal petition was filed with the help of an inmate where petitioner was confined at the time; he was transferred to California State Prison-Sacramento, where he found another inmate to help him; the second inmate found another

1 issue that should have been raised; petitioner filed a habeas petition in the California Supreme
2 Court and a motion in this court to hold the federal petition in abeyance pending exhaustion of
3 the "newly discovered claim"; the state petition was denied on May 10, 2006; petitioner filed his
4 motion for leave to file a first amended petition in this court in July 2006.

5        Petitioner argues that respondent is mistaken about the new claim not relating
6 back to any of the claims set forth in the original application for federal habeas relief.  Petitioner
7 contends that the new claim "relates back to his direct appeal" and is a constitutional issue
8 already adjudicated in the California Court of Appeal on direct appeal. Petitioner addresses the
9 statute of limitations as follows:

> Petitioner contends that since his petition was timely filed and he had several more days before his petition would have been barred as untimely, that the time which he filed his motion to hold his petition in abeyance, and between the time which the California Supreme denied the new claim should be equitably tolled, and petitioner should be granted leave to file first amended petition.

14 (Pet'r's Reply to Opp'n to Mot. to Amend at 3.)  Petitioner argues that his new claim relates back
15 because it "arose from the same conduct, transaction, or occurrence, petitioner's post conviction
16 proceedings, direct appeal, etc. [sic]."  (Id. at 4.)  He contends that the claim is one "respondent
17 was already prepared to defend against," the issue will not burden respondent, and respondent
18 should be required to file a response because not ordering a response will deprive petitioner of
19 due process and a fair and impartial trial.  (Id.)  Petitioner asks the court to find that his new
20 claim relates back to the initial pleading and to order respondent to file an answer.  Petitioner
21 also asks the court to find that he has shown due diligence, give him the benefit of the doubt, and
22 permit him to file the first amended petition.

23 /////
24 /////
25 /////
26 /////

ANALYSIS

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; see Rule 11, Fed. R. Governing § 2254 Cases. Thus, after an answer has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision to permit or deny a motion for leave to amend after an answer has been filed rests within the sound discretion of the trial court. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185-86 (9th Cir. 1987) (citing United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)). In deciding whether to grant leave to amend, courts generally consider the following factors: undue delay, bad faith by the moving party, prejudice to the opposing party, futility of amendment, and whether the party has previously amended his pleadings. See Foman v. Davis, 371 U.S. 178, 182 (1962); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); DCD Programs, Ltd., 833 F.2d at 186 & n.3.

In the present case, the undersigned will recommend that petitioner's motion to amend be denied because the proposed amendment would be futile. The court previously determined that the statute of limitations for filing his federal habeas petition began to run for petitioner on September 13, 2000, and expired on July 12, 2003. (Findings & Recommendations filed Dec. 17, 2003, at 4, adopted by Order filed Jan. 22, 2004.) Habeas petitions filed in state courts after the federal statute of limitations has expired do not revive the limitations period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Thus, the habeas petition filed in the California Supreme Court in 2005 did not revive the statute of limitations for the filing of federal habeas claims stemming from petitioner's 1998 conviction and does not entitle petitioner to any statutory tolling.

The undersigned has considered whether the statute of limitations for petitioner's new claim commenced at a later date under 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D) is applicable only when the factual predicate for a claim is discovered after the petitioner's

judgment became final.  For late discovered claims, the critical date is the date on which the petitioner "could have discovered the factual predicate" of his claim, not the date on which he actually discovered the factual predicate, the date on which he understood the legal significance of the facts known to him, or the date on which he obtained evidence to support his late discovered claim.  See Hasan v. Galaza, 254 F.3d 1150, 1154 & n.3 (9th Cir. 2001) (holding that the due diligence clock started ticking when the prisoner learned facts that supported a good faith basis for arguing prejudice arising from ineffective assistance of counsel, whether or not the prisoner understood the legal significance of the facts known to him); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."); Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998) ("Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.").

        In this case, the factual predicate for petitioner's claim regarding the reasonable doubt jury instruction was known to petitioner in 1999.  On direct appeal, petitioner's counsel raised the following issue in Appellant's Opening Brief:  the trial court's instructions defining the concept of "reasonable doubt" violated appellant's federal and state constitutional rights to due process of law by reducing the prosecution's required burden of proof."  (Resp't's Answer, Ex. A. at ii & 32-38.)  Although the issue was not included in petitioner's subsequent petition for review, it is clear that the factual predicate for the claim was known to petitioner in 1999.  Accordingly, the statute of limitations began to run for this claim, as it did for the five claims alleged in the original federal habeas petition, on September 13, 2000, and expired on July 12, 2003.

        Although petitioner's reply refers to equitable tolling, the undersigned finds that petitioner has not demonstrated entitlement to such tolling.  The AEDPA statute of limitations is subject to equitable tolling "only when 'extraordinary circumstances beyond a prisoner's control

make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). Equitable tolling is not routinely available in habeas corpus cases because district courts must "take seriously Congress's desire to accelerate the federal habeas process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997)). See also Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (noting that equitable tolling is "unavailable in most cases"). "[A] litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A prisoner is entitled to equitable tolling only if he demonstrates that forces other than his own lack of diligence accounted for his failure to file a timely federal habeas petition. See, e.g., Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) (applying equitable tolling where the district court's error and its consequences consumed 258 days of the 365-day period for filing a habeas petition); Miles, 187 F.3d at 1107 (applying equitable tolling where the delay in filing a habeas petition was attributable to prison officials' failure to mail a properly submitted and timely petition).

Petitioner has not demonstrated that an extraordinary circumstance beyond his control made it impossible for him to pursue the reasonable doubt jury instruction claim in a timely manner. Moreover, the fact that the issue was raised on direct appeal in 1999 precludes a finding that petitioner acted with diligence when he presented the issue to the California Supreme Court for the first time in a habeas petition filed in 2005.

Finally, the undersigned finds that petitioner's jury instruction claim does not relate back to the habeas petition filed in this court on June 27, 2003. A habeas petitioner's amendments made or proposed after the statute of limitations has expired will relate back to the date of his original pleading if the new claims arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Mayle v. Felix, 545 U.S. 644, ___,

125 S. Ct. 2562, 2569 (2005). "The 'original pleading' to which Rule 15 refers is . . . the petition in a habeas proceeding." Id. at 2569-70. The relation back of new habeas claims "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 2572. See also Jackson v. Roe, 425 F.3d 654, 660 n. 8 (9th Cir. 2005). The common core of operative facts must not be viewed at too high a level of generality, and an "occurrence" consists of the set of facts that supports a ground for relief. 125 S. Ct. at 2573.

Petitioner's proposed new claim is that the trial court's instruction on reasonable doubt violated petitioner's federal and state constitutional rights to due process of law by reducing the prosecution's required burden of proof. Although petitioner's original pleading includes a claim of jury instruction error, his new claim concerning the instruction given on reasonable doubt and its effect on the prosecutor's burden of proof does not arise from the same core of operative facts as the previously alleged claim concerning the trial court's failure to give a limiting instruction sua sponte concerning the use of impeachment evidence to prove predisposition to commit a crime. See United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 "relation back" standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."), cert. denied ___ U.S. ___ 126 S. Ct. 2906 (2006).

The undersigned finds that amendment would be futile because petitioner's new claim is barred by the statute of limitations, petitioner is not entitled to equitable tolling, and the new claim does not relate back to the claims alleged in the original federal habeas petition.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's July 17, 2006 motion to amend be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and

serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 26, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
owen1377.mtaden