IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK RAYE OWENS,

    Petitioner,        No. CIV S-03-1377 GEB JFM P

  vs.

CHERYL K. PLILER, Warden,

    Respondent.       ORDER

_____/

        Petitioner has requested a sixty day extension of time to file objections to the findings and recommendations filed on November 2, 2007. Petitioner states he is only allowed access to the law library every other day of a five day week. Petitioner seeks a court order granting him unrestricted law library access a minimum of thirty hours per week.[1] Good cause appearing, petitioner will be granted an additional sixty days in which to file objections.

        Petitioner has also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105

---

[1] Petitioner also contends that "CDCR defendants" have placed impediments to his ability to timely respond to the court, impeding petitioner's First Amendment right of access to the court. Petitioner asks the court to investigate the harm suffered by petitioner and other prisoners. If petitioner wishes to pursue his claims under the First Amendment, he must file a civil rights complaint under 42 U.S.C. § 1983. The instant action addresses petitioner's underlying criminal conviction and is an inappropriate venue for such allegations.

F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Finally, petitioner expressed concern about the delay in delivery and pick up of mail by prison officials.  The Supreme Court has held that the situation of pro se prisoners seeking to meet court deadlines is unique and that therefore a document may be "filed" on the date that it is given by an inmate to prison authorities for mailing.  Houston v. Lack, 487 U.S. 266, 270-72, 275 (1988).  Petitioner is advised that the court will apply the rule of Houston to petitioner's filings.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's November 27, 2007 request for an extension of time is partially granted;

2. Petitioner is granted sixty days from the date of this order in which to file objections to the findings and recommendations; and

3. Petitioner's November 27, 2007 request for appointment of counsel is denied without prejudice.

DATED:  November 30, 2007.

UNITED STATES MAGISTRATE JUDGE

/md; 001
owen1377.111&110

2