IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK RAYE OWENS,

    Petitioner,                   2:03-cv-1377-GEB-JFM-P

    vs.

CHERYL K. PLILER, et al.,

    Respondents.            ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has timely filed a notice of appeal of this court's February 20, 2008 denial of his application for a writ of habeas corpus.  Before petitioner can appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        Initially, petitioner contends his constitutional rights were denied by the courts' failure to hold an evidentiary hearing.  Petitioner also argues it was clear error for the district court to deny his ineffective assistance of counsel claims without holding an evidentiary hearing.  Petitioner relies on Hohn v. United States, 524 U.S. 236 (1998) and Slack v. McDaniel, 529 U.S. 473 (2000), for the proposition that when the district court denies a habeas petition on procedural grounds without reaching petitioner's underlying constitutional claim, a certificate of appealability should issue if he shows, at least, that jurists of reason would find it debatable

1

whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id.

However, this court did not deny the instant petition on procedural grounds; rather, the court addressed petitioner's claims on the merits. A habeas petitioner is entitled to an evidentiary hearing if "(1) the petitioner's allegations, if proved, would entitle him to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." See Williams v. Calderon, 52 F.3d 1465, 1484 (9th Cir.1995) (internal quotation and citation omitted). If a petitioner raises a colorable claim for relief, "a petition may be dismissed without a hearing only when it consists solely of conclusory, unsworn statements unsupported by any proof or offer thereof." See Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir.2001). An evidentiary hearing is not required, however, if a petitioner cannot demonstrate that he is entitled to relief. See Davis v. Woodford, 384 F.3d 628, 641 (9th Cir.2004) (holding petitioner not entitled to evidentiary hearing where petitioner did not "demonstrate that he [was] entitled to relief on any claim"). "[T]he burden is on the petitioner in a habeas corpus proceeding to allege sufficient facts to support the grant of an evidentiary hearing[.]" Dickson v. Wainright, 683 F.2d 348, 351 (11th Cir.1982).

There is no federal constitutional requirement that a state court hold an evidentiary hearing on every ineffective assistance of counsel claim. In addition, petitioner has failed to demonstrate that he was entitled to an evidentiary hearing either in this court or state court. Finally, in light of the November 2, 2007 findings and recommendations, petitioner cannot demonstrate he is entitled to relief; thus, an evidentiary hearing was not required. See Davis, 384 F.3d at 641.

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues
/////

satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

For the reasons set forth in the magistrate judge's November 2, 2007 findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this action.

IT IS SO ORDERED.

Dated: June 23, 2008

GARLAND E. BURRELL, JR.
United States District Judge

3